AYRES, Judge.
This is an expropriation proceeding wherein the City of Shreveport seeks to acquire for street improvement purposes, a portion of defendants’ property located in Jenkins Acres Subdivision. The defense urged was of a twofold character: the first questions the necessity for the taking and the second the inadequacy of the award of compensation for the property taken. After trial, the court found that the taking was necessary and concluded that the property taken had a value of $7,500. From a judgment rendered in accordance with this finding, defendants prosecute appeals to this court. The appeal of the defendant Mrs. Effie Russell Humphrey was docketed in this court under No. 12,138 and that of Doyle E. Humphrey under No. 12,194, which appeals were consolidated for the purposes of trial and judgment.
Defendants’ property, which faces easterly on Jewella Avenue, has a length of *670 435.6 feet and a width of 100 feet, and the portion taken comprises a strip across the east end of the lot approximately 115.6 feet in width. Thus, after the taking, the lot would be reduced in length to approximately 320 feet.
The subdivision in which defendants’ property is located lies between Wisteria Street on the south and the Standard Oil Road on the north. The road pursues an east-and-west course adjacent to the south line of the right of way of the Texas & Pacific Railway Company. Jewella Avenue runs generally north and south, and crosses the railway at approximately right angles.
The purpose of the taking was to increase the width of Jewella Avenue from that of a two-lane street to a four-lane north-and-south thoroughfare and to provide an overpass above the several tracks of the T. & P. Railway. This undertaking is in accord with a general plan for north- and-south thoroughfares to expedite traffic through the city, and its need, based on public service and convenience, is amply established. The project as contemplated has a designed capacity for 23,000 vehicles daily in addition to more than 15,000 vehicles which it was carrying at the time the project was undertaken. The City’s traffic engineer testified that a completed section of the Jewella Avenue project, lying between Hollywood and Hearne Avenues, was already carrying the designed limit. An estimate, however, is that when the railway overpass is completed, the traffic will entail some 31,000 vehicles per day, or more than 1,000 over its designed capacity.
The project presently under consideration envisions an overpass at a height of 21 feet above street level as it traverses, overhead, the railroad tracks. Required is an earthen fill on Jewella in front of the Jenkins Acres Subdivision to accommodate an approach to the overhead crossing span. To service defendants’ lot and the other properties in the subdivision and in the immediate area, the City has included in the project an extension of the Standard Oil Road from its present location south of the railway to Wisteria Street where traffic from that area could, pursue a course either east or west on Wisteria or enter Jewella Avenue and proceed either north or south. The plans are adequate for ingress and egress to and from defendants’ property and other properties similarly situated.
Nor will the earthen fill have any adverse effect on the property and its accessibility. The fill itself would lie beyond the Standard Oil Road as relocated and would thereby afford no obstruction to the property in the subdivision. In fact, the relocation of the road and the improvement would provide available and convenient access to defendants’ property.
While defendants complain there were available to the City other reasonable alternate routes, there is no proof in the record that supports this contention. The selection made appears reasonable, neither arbitrary nor capricious, and is in accord with engineering standards by which the route was selected.
The remaining question relates to the amount of compensation to which defendants are entitled for the property taken. Noted first, we are not impressed, as obviously the trial court was not, that the record establishes defendants’ entitlement to severance damages. The portion of the property expropriated contains no substantial improvements other than an undetermined number of water hydrants or faucets and a large oak shade tree, the value of all of which was taken into account in determining the value of the property taken. On the property remaining were a trailer house and a frame building. These were unaffected by the taking.
Realtor Charles T. Hall testified that the property taken had a value of $7,500. Frank W. Grigsby, another realtor, however, fixed the value of the property at $50 per front foot, or $5,000. The court awarded compensation in the sum of $7,500. The City does not complain of this award.
*671 Before we conclude, it appears appropriate to point out that the principal defendant did not avail herself of legal representation or advice, as was her right. We are impressed by the record that the trial court extended to her every courtesy and consideration. Such was the action and attitude of the City, its officials and counsel. This court has done likewise, and from our review of the record we find no manifest error in either the taking or the award.
In oral argument before this court, it was suggested by plaintiff’s counsel that the fee of the curator ad hoc, representing one of the defendants, be increased to afford compensation for his services required on the appeal. This appears appropriate and in order inasmuch as the fee fixed in the trial court contemplated or took into account only services rendered in that court. The curator’s fee is accordingly increased by the sum of $100 and is taxed as cost.
For the reasons herein assigned, the judgment, as thus amended, is affirmed— all at the cost of the expropriating authority.
Amended and affirmed.